J-S21022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT E. ROBINSON | : | |
| | : | |
| Appellant | : | No. 1820 EDA 2023 |

Appeal from the PCRA Order Entered June 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0718101-1982

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 25, 2024**

Appellant Robert E. Robinson appeals *pro se* from the order denying his tenth Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in denying his petition without a hearing and claims that he properly asserted the newly-discovered fact exception to the PCRA time bar.  We affirm.

The underlying facts of this case are well known to the parties.

On June 25, 1982, Appellant and a cohort were in the process of breaking into a car for the purpose of stealing it when they were confronted by the car's owner, the victim.  Appellant shot the victim four times and escaped with his cohort in another stolen vehicle; the victim died.  Approximately one week later, Appellant was questioned about the crime, and he ultimately was charged with murder, robbery, criminal conspiracy, and possession of an instrument of crime.  On July 1, 1983, Appellant pled guilty to second degree murder and criminal conspiracy.  He received a life

---

[1] 42 Pa.C.S. §§ 9541-9546.

sentence for the murder conviction and a concurrent sentence of ten-to-twenty years['] confinement for conspiracy.

*Commonwealth v. Robinson*, 185 A.3d 1055, 1057 (Pa. Super. 2018) (*en banc*) (citation omitted), *appeal denied*, 192 A.3d 1105 (Pa. 2018). This Court affirmed Appellant's judgment of sentence on March 1, 1985. *Commonwealth v. Robinson*, 2384 Philadelphia 1983 (Pa. Super. filed March 1, 1985) (unpublished mem.). Appellant did not file a petition for allowance of appeal with our Supreme Court on direct appeal.

Appellant filed the instant *pro se* PCRA petition, his tenth, on April 16, 2021, and he filed a supplemental petition on June 21, 2022. The PCRA court subsequently entered a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing and Appellant filed a timely response. On June 16, 2023, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely.

Appellant filed a timely notice of appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, the PCRA court issued an opinion explaining the reasons for denying Appellant's motion as untimely.

Appellant raises the following issues for our review:

1. Did the PCRA court err in denying Appellant's [PCRA] petition as untimely filed when Appellant [established] that his after-discovered facts claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(ii), and § 9545(b)(2)?

2. Did the PCRA court err when it failed to consider, without a hearing, newly discovered evidence of an unconstitutional

- 2 -

interrogation pattern and practice within the Homicide Division that was used in the instant case which was not disclosed by the Commonwealth. This claim was properly before the PCRA court but not discussed in the court's [Pa.R.Crim.P. 907] notice?

3. Did the PCRA court err when it failed to consider, without a hearing, newly discovered evidence of a history of misconduct by Detectives John Cimino, James McNesby, and Thomas Kane eliciting false and fabricated statements from jailhouse informants, which were used to frame, arrest, prosecute, and incarcerate multiple innocent men including Appellant was not disclosed by the Commonwealth due to government interference. This claim was properly before the PCRA court but not discussed in the court's [Pa.R.Crim.P.] 907 notice?

Appellant's Brief at VI (formatting altered).[2]

Appellant contends that he has met the newly discovered facts and governmental interference exceptions to the PCRA time bar. Appellant's Brief at 25. In support, Appellant claims that he learned of a civil lawsuit on December 21, 2021, implicating Philadelphia Police Detectives John Cimino, Frank Miller, and Frances Ansel. *Id.* Specifically, Appellant contends that the detectives engaged in police misconduct including fabricating evidence and coercing witnesses to provide false testimony. *Id.*

_____

[2] On May 20, 2024, Appellant filed an application for relief, requesting that this Court strike the Commonwealth's brief for failure to file a timely brief. This Court entered an order on April 19, 2024, granting the Commonwealth a second extension of time to file a brief, stating that the Commonwealth's brief was to be filed on or before May 16, 2024, with no further extensions to be granted, absent extenuating circumstances. *See* Order, 4/19/24. The Commonwealth timely filed its brief with this Court on May 15, 2024. Accordingly, Appellant's application for relief is denied.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "**no court** has jurisdiction to hear an untimely PCRA petition" (emphasis in original)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  **See** 42 Pa.C.S. § 9545(b)(2).[3]  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010 (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted).  Due diligence requires that the petitioner take reasonable steps to protect his own interests. **Id.**  A petitioner

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.  **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. **Id.**

must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020).

Our Supreme Court has repeatedly stated that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). For purposes of the timeliness exception, "the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018) (citation omitted).

Here, it is undisputed that Appellant's instant petition is facially untimely, as it was filed more than thirty-five years after his sentence became final in 1985. *See* 42 Pa.C.S. § 9545(b)(1). In his brief, Appellant states that he learned of a civil lawsuit alleging Philadelphia Police detectives, including detectives assigned to Appellant's case, engaged in police misconduct and the coercion and threatening of witnesses. Appellant's Brief at 25.

The PCRA court reached the following conclusion:

- 6 -

In support of his allegations, [Appellant] sets forth a multitude of contentions pertaining to various unrelated cases, which he then attempts to connect to his case. The petition alleges that jailhouse informants colluded with certain Philadelphia Police detectives to fabricate claims against [Appellant], and that [Appellant] discovered this information on December 21, 2020, when he overheard an inmate discussing a civil lawsuit filed by another inmate against these same police officers. The most prominent of these claims is that jailhouse informants implicated [him] by fabricating information, in collusion with these Philadelphia Police detectives, who had a pattern and practice of misconduct, including suppression of exculpatory evidence, coercing witnesses, and falsifying evidence.

The petition fails to substantiate these allegations of governmental interference. [Appellant] has not set forth any specific information or evidence that the government withheld in his case, nor provided any relevant nexus between his case and the conduct of the police officers. *See Commonwealth v. Walters*, 135 A.3d 589 (Pa. Super. 2016) (Where petitioner did not explain how unrelated misconduct of sentencing judge affected the legality of his sentence, he did not meet his burden to overcome the timeliness bar). The fact that officers who may have investigated [Appellant's] case were subsequently found to have improperly colluded in other unrelated cases with the same informants who implicated [Appellant] is not sufficient to demonstrate any basis to undermine the voluntariness of [Appellant's] guilty plea, particularly given that there was no trial or witness testimony to be challenged from either the police or the informants. *See Commonwealth v. Pier*, 182 A.3d 476, [480] (Pa. Super. 2018) (Person who pleads guilty is bound by the statements he makes in open court while under oath, and may not later assert grounds for withdrawing the plea which contradict the statements made at plea colloquy).

PCRA Ct. Op., 7/3/23, at 3 (unpaginated) (some formatting altered).

Following our review of the record, we conclude that Appellant has failed to establish an exception to the PCRA time bar. As noted previously, while the newly-discovered facts timeliness exception at Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the

claims asserted by a petitioner," there must be "some relationship between the two." *See Shannon*, 184 A.3d at 1017. Here, Appellant did not explain how the "new facts"—*i.e.,* allegations concerning misconduct by Detectives John Cimino, James McNesby, and Thomas Kane of the Philadelphia Police Department—were specifically related to his case. *See* Appellant's Brief at 29. Indeed, Appellant states that he "would have shown that the habit of [D]etectives []Cimino, [] McNesby, and [] Kane was a pattern and practice of coercing statements from jailhouse informants to implicate either those questioned or others" and notes that he "was obviously aware these detectives had used these unduly coercive methods of interrogating him prior to receipt of the newly discovered evidence, he had no reason to believe that the detectives habitually used these same methods when interrogating other witnesses and suspects." *Id.* at 32; *see also id.* at 47. Therefore, Appellant has failed to properly invoke the newly-discovered fact exception, and has not established governmental interference with his ability to timely raise his claims, and, therefore, we do not have jurisdiction over his claim. *See Ballance*, 203 A.3d at 1031.

Accordingly, the PCRA court did not err when it dismissed Appellant's petition without a hearing. *See Sandusky*, 203 A.3d at 1043. For these reasons, we affirm.

Order affirmed. Application for relief denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/25/2024